**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

**EDELTA, INC. and JOHN S. GUTIERREZ**

**Plaintiff,**

**versus**

**GREAT INNOVATIONS, LLC and JOSEPH MCDONNELL**

**Defendants**

# ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR TRIAL BY JURY

**EDELTA, INC.** ("Plaintiff"), through undersigned counsel, alleges the following in support of its Complaint for Patent Infringement against **GREAT INNOVATIONS, LLC** ("Great Innovations") and **JOSEPH MCDONNELL** ("Defendants").

## PARTIES

1. Plaintiff, Edelta, Inc., is a Delaware Corporation with its principal place of business in Mandeville, Louisiana.

2. Plaintiff, John S. Gutierrez, is a resident of the Parish of St. Tammany, State of Louisiana.

3. Upon information and belief, Defendant, Great Innovations, LLC is a Florida limited liability company with its principal place of business in Miramar, FL.

4. Upon information and belief, Defendant, Joeseph McDonnell is the

president and managing officer of Great Innovations, LLC and is a resident of the State of Florida.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement pursuant to 35 U.S.C. §271; therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

6. This Court has personal jurisdiction over Defendants because they reside in and are transacting business in this State and have caused harm or tortious injury in this State by infringing acts within this State. Upon information and belief, Defendants are currently advertising, offering, and selling infringing products within the State of Florida and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the State of Florida.

7. Venue in this District is proper under 28 U.S.C. §§1391(b)-(d) and 1400(b). A substantial part of the events or omissions giving rise to this claim occurred, a substantial part of property that is the subject of the action is situated in this District and Defendants reside in this district. Furthermore, Defendant has committed acts of infringement and has a regular place of business in this District.

**PATENTS AT ISSUE**

8. On December 4, 2014, Inventor, John S. Gutierrez, filed a utility patent application for an Air Conditioning Condensate Treatment System, bearing application no. 14/560,469.

9. On April 17, 2018, the United States Patent Office ("USPTO") issued U.S. patent no. 9,943,778 ("the '778 Patent") pursuant to application no. 14/560,469

filed December 4, 2014. A true and correct copy of the ’778 Patent is attached hereto as Exhibit A.

10. Therefore, according to 35 U.S.C. §282, each claim of the ‘778 Patent is presumed valid and enforceable.

11. Plaintiff, John S. Gutierrez, is the sole owner of the ‘778 Patent and therefore has the right to sue and recover damages for infringement of the patent.

12. Plaintiff, Edelta, Inc., is the exclusive licensee of the ‘778 Patent and therefore also has the right to sue and recover damages for infringement of the patent.

13. On April 19, 2022, McDonnell filed patent application no. 17/723,323 for a Drain Clean Apparatus and was issued U.S. patent no, 11,719,464 on August 8, 2023. A copy of the patent is attached hereto as Exhibit B.

14. On September 14, 2022, McDonnell filed a patent application for a Drain Cleaner Apparatus and was issued U.S. patent no. 11,826,799 on November 28, 2023. A copy of the patent is attached hereto as Exhibit C.

**FACTUAL BACKGROUND**

15. The ‘778 Patent discloses a condensate treatment system including a biocide housing attached to an air conditioner condensate drain line. The housing includes a control unit having wireless transmission capabilities to allow direct communication with a remote electronic device. The control unit is also in direct communication with a plurality of ambient sensors and control hardware to remotely monitor various operating parameters and to initiate corrective action when appropriate. The wireless communication capability allows sensor readings and

current biocide inventory to be remotely accessed from a smart phone or remote electronic device. If the control unit detects unacceptable condensate levels in a drip pan, it disables the air conditioner to prevent condensate overflow.

16. Defendants sell a device identified as iFLO Smart Automated A/C Drain Line & Drain Pan Cleaning System ("iFLO device" or "infringing device") on its website www.iflo.com, via television advertising and through authorized retailers. Defendants' infringing device dispenses biocide to a condensate drain line, is accessible and controllable by a user's mobile phone, and wirelessly accesses environmental data to customize performance parameters accordingly.

17. The iFLO device infringes, either literally or under the doctrine of equivalents, at least claims 1, 8 and 9 of the '778 Patent.

18. Defendant McConnell filed a patent application for the infringing device on November 9, 2021 and was issued patent no. 11,719,464 on August 8, 2023.

19. Defendant McConnell filed another patent application for the infringing device on April 19, 2022 and was issued patent no. 11,826, 799 on November 28, 2023.

20. The disclosure of the '778 Patent includes each and every limitation of the claims set forth in the '464 and '799 patents to McDonnell.

21. Defendants failed to disclose the '778 Patent to the USPTO even though they filed patent applications for identical subject matter three years after the '778 Patent issued.

22. Had Defendants disclosed the '778 Patent to the USPTO, their patent applications would certainly have been rejected.

23. Defendants' website www.iflo.com indicates that they first started

selling their infringing products around the end of 2023 or beginning of 2024.

24. Defendants clearly knew of the ‘778 Patent but sold their infringing product anyway and therefore have willfully infringed the ‘778 Patent.

25. At the very least, Defendants had actual notice of the ‘778 Patent upon filing and service of this Complaint.

26. Upon information and belief, Defendants sell their products to retailers who in turn sell their infringing products to consumers, and therefore are inducing and have induced others to infringe.

27. At all relevant times, Defendant McConnell controlled and directed all acts of the Defendant Great Innovations, including all acts complained of herein.

28. Therefore, McConnell has contributorily, directly and indirectly infringed and has induced others to infringe the ‘778 Patent rendering McConnell personally liable for patent infringement.

29. Since McConnell induced and contributed to Great Innovation’s infringement, Defendant McConnell is personally liable for directing Defendants to commit those acts.

30. Since McConnell induced and contributed to Great Innovation’s infringement, Defendants McConnell and Great Innovations are jointly and severally liable for all acts of patent infringement alleged herein.

31. Defendants have deliberately and intentionally infringed the “778 Patent and therefore have committed willful infringement.

## CLAIMS FOR RELIEF

## COUNT I – PATENT INFRINGEMENT

32. Plaintiffs incorporate herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

33. The device sold by Defendants directly infringes at least claims 1, 8 and/or 9 of the ‘778 Patent either literally or under the doctrine of equivalents.

34. The device sold by Defendants indirectly infringes at least claims 1, 8 and/or 9 of the ‘778 Patent either literally or under the doctrine of equivalents.

35. Defendants have induced and continue to induce others to infringe at least claims 1, 8 and/or 9 of the ‘778 Patent either literally or under the doctrine of equivalents by actively inducing retailers or dealers to sell infringing products.

36. Since Defendants knew of the ‘778 patent its infringement was willful entitling Plaintiffs to treble damages.

37. This is an exceptional case under 35 U.S.C. 285 warranting an award of Plaintiff’s attorneys fees.

## COUNT II – LIABILITY FOR ACTS CAUSING DAMAGES UNDER LA. CIV. CODE 2315

38. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

39. Defendants are liable for damages under Louisiana Civil Code Article 2315 for damages caused in Louisiana by the above-described wrongful acts, as set forth in detail above.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury according to Fed. Rule Civ. Pro. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For entry of judgment that Defendants directly and indirectly infringe and induced each other or others to infringe the patent;

b. For entry of a preliminary and permanent injunction immediately and without bond enjoining Defendants from any use, sale or offering for sale of its infringing products or any variant thereof;

c. For an entry of judgment awarding damages under 35 U.S.C. §284 in an amount sufficient to compensate Plaintiffs for their damages arising from Defendants' infringement, including, but not limited to, lost profits and/or a reasonable royalty;

d. For an entry of judgment that Defendants' infringement was willful, and Defendants are therefore liable for treble damages according to 35 U.S.C. 284;

e. For entry of judgment awarding prejudgment interest, post-judgment interest and all allowable costs according to law;

f. For entry of judgment declaring that this case is exceptional and awarding Plaintiffs their reasonable costs and attorneys' fees pursuant to 35 U.S.C. §285;

g. For such other and relief as the court may find appropriate.

Respectfully Submitted,

By: /s/ Louis R. Gigliotti
Louis R. Gigliotti, PA
Louis R. Gigliotti, Esq.
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph/Fax: (954) 471-4392
Email: lgigliotti@bellsouth.net

***Counsel for Plaintiffs***